IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SHARON L. RAMOS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,[1]<br>Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:11-cv-1030-PMW<br><br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Paul M. Warner |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[2]  Before the court is Sharon L. Ramos's ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.  *See* 42 U.S.C. §§ 1381-1383f.  After careful consideration of the written briefs and the complete record,

---

[1] On February 14, 2013, Carolyn W. Colvin ("Commissioner") became the Acting Commissioner of Social Security.  Accordingly, she has been automatically substituted for Michael J. Astrue as the defendant in this action.  *See* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."); Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party.").

[2] *See* docket no. 7.

the court has determined that oral argument would not be helpful and is not necessary in this case.

## PROCEDURAL BACKGROUND

Plaintiff applied for SSI in April 2009, alleging a disability onset date of April 1, 2009,[3] due to various mental and physical impairments. After Plaintiff's applications were denied initially and upon reconsideration,[4] she requested a hearing before an Administrative Law Judge ("ALJ").[5] The hearing before the ALJ was held on March 4, 2011.[6] The ALJ issued a written decision on May 17, 2011, denying Plaintiff's claim for SSI.[7] On September 20, 2011, the Appeals Council denied Plaintiff's request for review,[8] making the ALJ's May 17, 2011 decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. § 416.1481.

On November 14, 2011, Plaintiff filed her complaint in this case, which was assigned to District Judge Clark Waddoups.[9] On January 12, 2012, Judge Waddoups referred this case to

---

[3] *See* docket no. 9, Administrative Record ("Tr. ____"), 133-40.

[4] *See* Tr. 69-70.

[5] *See* Tr. 84-86.

[6] *See* Tr. 27-67.

[7] *See* Tr. 7-26

[8] *See* Tr. 1-6.

[9] *See* docket no. 3.

Magistrate Judge Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[10]  The Commissioner filed her answer on July 19, 2012,[11] along with the Administrative Record.[12]

After receiving an extension of time,[13] Plaintiff filed her opening brief on June 27, 2012.[14]  The Commissioner filed her responsive brief on August 2, 2012.[15]  Plaintiff did not file a reply brief.

## FACTUAL BACKGROUND

Plaintiff is a female who was born on August 14, 1959.  She completed tenth grade, but attended special education classes.  She alleges that she has several conditions that limit her ability to work, including dyslexia, depression, arthritis, chronic pain, scoliosis, diabetes, bursitis of the shoulder, plantar fascitis, degenerative disk disease with radicular nerve pain, and tendinitis in right hip.  As noted above, Plaintiff asserts that she has been unable to work due to her impairments as of April 1, 2009.

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal

---

[10] *See* docket no. 7.

[11] *See* docket no. 8.

[12] *See* docket no. 9.

[13] *See* docket nos. 17-18.

[14] *See* docket no. 19.

[15] *See* docket no. 21.

standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. § 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and

>  makes the *de minimis* showing of medical severity, the decision
>  maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. § 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. § 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. § 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," *id*., he is disabled and entitled to benefits.

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred: (1) at step three of the sequential evaluation process; (2) in evaluating Plaintiff's credibility; (3) by failing to consider the side effects of Plaintiff's medications; (4) in the treatment of the opinions of one of Plaintiff's treating sources, Dr. Matt Davey ("Dr. Davey");[16] and (5) in the hypothetical question given to the vocational expert ("VE").

### I. Step Three

Plaintiff argues that the ALJ erred at step three of the sequential evaluation process when he determined that Plaintiff did not meet or equal a particular listed impairment in Appendix 1 of the relevant regulations (individually, a "listing" and collectively, the "listings"). *See* 20 C.F.R. § 404, Subpart P, Appendix 1. Specifically, Plaintiff asserts that the ALJ erred when he concluded that Plaintiff did not meet or equal listing 12.05. *See id.*, listing 12.05.

At step three, a claimant has the "burden to present evidence establishing her impairments meet or equal listed impairments." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005). In order to satisfy this burden, a claimant must establish that her impairment "meet[s] *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

---

[16] In her opening brief, Plaintiff has included a separate section for an argument directed at the ALJ's assessment of Plaintiff's RFC. However, the substance of that entire argument is based on the ALJ's treatment of the opinions of Dr. Davey. As such, the court will not address Plaintiff's RFC argument separately.

In order to meet or equal listing 12.05, Plaintiff was required to establish that she met the diagnostic description for mental retardation and the criteria in one of the four paragraphs contained in listing 12.05.  *See* 20 C.F.R. § 404, Subpart P, Appendix 1, listings 12.00(A), 12.05.  In this case, the evidence demonstrates that Plaintiff was not diagnosed with mental retardation.  Plaintiff relies on the report of Dr. Michael A. Schreiner ("Dr. Schreiner") to support her argument that she met the diagnostic description for mental retardation.  However, a review of Dr. Schreiner's report demonstrates that he diagnosed Plaintiff with borderline intellectual functioning, not mental retardation, and Dr. Schreiner specifically stated that Plaintiff did not meet a classification of mental retardation.[17]  Furthermore, no other medical source opined that Plaintiff was mentally retarded.  A consultative examination in August 2010 corroborates that Plaintiff functioned at borderline intellectual functioning rather than mental retardation.[18]  Finally, there are several admissions by Plaintiff indicating that she does not meet the diagnostic description for mental retardation.  In her opening brief, Plaintiff notes that Dr. Schreiner stated that she functioned in the borderline range of intelligence.[19]  In addition, Plaintiff's counsel admitted at the hearing before the ALJ that Plaintiff had borderline intellectual functioning and acknowledged that she did not meet listing 12.05.[20]

---

[17] *See* Tr. 325.

[18] *See* Tr. 495.

[19] *See* docket no. 19 at 5-6.

[20] *See* Tr. 30.

Plaintiff failed to establish that she met the diagnostic description for mental retardation, which is a requirement of listing 12.05.  Because Plaintiff failed to establish all of the specified criteria of listing 12.05, the ALJ did not err by concluding that Plaintiff did not meet or equal that listing.  *See Sullivan*, 493 U.S. at 530.

## II.  Credibility

Plaintiff argues that the ALJ erred in evaluating Plaintiff's credibility.  In general, "[c]redibility determinations are peculiarly the province of the finder of fact, and [this court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotations and citation omitted).  Although credibility determinations "should be closely and affirmatively linked to substantial evidence," *id*. (quotations and citation omitted), they "do[] not require a formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

Social Security Ruling ("SSR") 96-7p clarifies the standards an ALJ must apply when evaluating the credibility of an individual's statements, including his or her allegations of pain. *See* SSR 96-7p.  In addition to the objective medical evidence, an ALJ should consider the following factors when assessing the credibility of an individual's statements:

1. The individual's daily activities;
2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

  6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

  7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Id.*; *see* 20 C.F.R. § 416.929(c); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993).

  In this case, the ALJ considered proper factors in reaching his determination that, overall, Plaintiff's testimony about her disabling symptoms was not entirely credible. First, the ALJ properly relied upon the fact that Plaintiff's daily activities were inconsistent with Plaintiff's testimony about the degree of her limitations.[21] *See* 20 C.F.R. § 416.929(c)(3)(i); SSR 96-7p. The ALJ noted that, at the same time she was alleging disability, Plaintiff could attend church sometimes, do activities with her mother at church about once a month, collect rocks, help her father with yard work, shovel snow from her walkway, watch television, play with her pets, and drive to and from work.[22]

  Second, the ALJ properly considered the effectiveness of Plaintiff's medications. *See* 20 C.F.R. § 416.929(c)(3)(iv); SSR 96-7p. The ALJ pointed to a report demonstrating that Plaintiff had indicated that her back pain was well controlled with medications.[23]

---

[21] *See* Tr. 20.

[22] *See* Tr. 18.

[23] *See* Tr. 20, 450, 463.

Finally, the ALJ properly relied on the following inconsistency between Plaintiff's testimony and evidence in the record. *See* SSR 96-7p (providing that a strong indication of the credibility of a claimant's statements is their consistency with other information in the case record). The ALJ noted that despite Plaintiff's allegations of disabling back pain for over a year, treatment notes from September 28, 2009, indicated that her back pain was work related and had been present for only six weeks.[24]

The ALJ articulated sufficient reasoning and relied upon proper factors in determining that, overall, Plaintiff's testimony was not entirely credible. Furthermore, the court has determined that the ALJ's determination is "closely and affirmatively linked to substantial evidence." *Kepler*, 68 F.3d at 391 (quotations and citation omitted). Accordingly, the court concludes that the ALJ did not err in reaching his determination about Plaintiff's credibility.

### III.  Medication Side Effects

Plaintiff argues that the ALJ erred by failing to consider the side effects of Plaintiff's medications. However, Plaintiff has failed to develop this conclusory argument in any meaningful way. Plaintiff has failed to identify any record evidence demonstrating particular medication side effects the ALJ should have considered. Furthermore, Plaintiff does not provide any argument concerning how the ALJ's alleged failure to consider any side effects affected the outcome of the ALJ's decision. Put another way, Plaintiff has failed to demonstrate how any alleged error was harmful. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of

---

[24]  *See* Tr. 20, 398.

showing that an error is harmful normally falls upon the party attacking the agency's determination."); *see also Fischer-Ross*, 431 F.3d at 733-34 (10th Cir. 2005) (recognizing applicability of harmless error analysis in Social Security context). For these reasons, the court concludes that this argument fails.

### IV. Treating Source Opinions

Plaintiff argues that the ALJ erred in his treatment of the opinions of one of Plaintiff's treating sources, Dr. Davey.

> In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight. To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically acceptable clinical and laboratory diagnostic techniques. If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well[ ]supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.
>
> Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. § 416.927]. Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.
>
> Under the regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must give good reasons . . . for the

> weight assigned to a treating physician's opinion . . . that are
> sufficiently specific to make clear to any subsequent reviewers the
> weight the adjudicator gave to the treating source's medical
> opinion and the reason for that weight. If the ALJ rejects the
> opinion completely, he must then give specific, legitimate reasons
> for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted) (sixth alteration in original); *see also* 20 C.F.R. § 416.927(c).

As with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).

In this case, because the ALJ concluded that Dr. Davey's opinions were entitled to little weight, it is implicit that the ALJ also viewed those opinions as not being entitled to controlling weight. Accordingly, the court turns to the deference and weight the ALJ gave to Dr. Davey's opinions. *See Langley*, 373 F.3d at 1119; *see also* 20 C.F.R. § 416.927(c).

In reaching his determination about Dr. Davey's opinions, the ALJ relied on proper factors. The ALJ properly relied upon the fact that Dr. Davey's opinions were inconsistent with Plaintiff's activities of daily living, which were outlined above in Section II, as well as with other medical opinions in the record. *See* 20 C.F.R. § 416.927(c)(3)-(4). The ALJ also properly relied upon the fact that Dr. Davey's opinions about Plaintiff's limitations were inconsistent with his own medical records. *See id*. The ALJ noted that none of Dr. Davey's medical records demonstrated the severe limitations contained within his opinions. To the contrary, the ALJ also

noted that positive indications in Dr. Davey's medical records indicated that Plaintiff did not have the severe limitations contained within his opinions.

To the extent that Plaintiff attempts to reargue the weight of the evidence before the ALJ on this issue, that tactic is futile on appeal because it is not this court's role to reweigh the evidence. *See Madrid*, 447 F.3d at 790. Indeed, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See, e.g.*, *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247. From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)).

Based on the foregoing, the court concludes that the ALJ did not err in his treatment of Dr. Davey's opinions.

## V. VE Hypothetical

Finally, Plaintiff argues that the ALJ erred by giving a hypothetical to the VE that did not reflect all of Plaintiff's limitations. Plaintiff essentially asserts that the hypothetical given to the VE should have included the limitations expressed by Dr. Davey. That argument fails. The court has already concluded that the ALJ did not err in his treatment of Dr. Davey's opinions. Accordingly, the ALJ was not required to include the limitations expressed by Dr. Davey in the hypothetical provided to the VE. *See Qualls*, 206 F.3d at 1373 ("The ALJ propounded a hypothetical question to the VE that included all the limitations the ALJ ultimately included in

his RFC assessment.  Therefore, the VE's answer to that question provided a proper basis for the ALJ's disability decision.").

## CONCLUSION AND RECOMMENDATION

The court concludes that all of Plaintiff's arguments fail.  Accordingly, **IT IS HEREBY RECOMMENDED** that the Commissioner's decision in this case be **AFFIRMED**.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within fourteen (14) days after receiving it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 14th day of March, 2013.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge